IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| SIRIA RIVAS & CRYSTAL RIVAS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:08-CV-80 |
| ) | |
| CARLOS MENDOZA & ) | |
| REMINGTON HYBRID SEED CO., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Prove Default Damages against Defendant Carlos Mendoza (DE #21) filed on July 21, 2009, and their Supplemental Motion to Prove Damages (DE #29) filed on December 23, 2009. For the reasons set forth below, Plaintiffs' motions are **GRANTED** in part and **DENIED** in part.

BACKGROUND

Mother and daughter Siria and Crystal Rivas ("Plaintiffs") filed a complaint against their former employer, Remington Hybrid Seed Company ("Remington") and its alleged agent Carlos Mendoza ("Mendoza") pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, *et seq*. The two women claim that Mendoza recruited them as migrant workers for Remington in the summer of 2006. Plaintiffs allege that during their summer employment, Mendoza made sexual advances toward them, and that they did not

complain to Remington because the company had failed to apprise the women of its sexual harassment policy.

After Mendoza failed to enter an appearance in the case, Plaintiffs were granted a Default Judgment against him. They now seek an award of compensatory and punitive damages.

DISCUSSION

On June 19, 2009, a Default Judgment (DE #20) was entered against Mendoza pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, after he failed to enter an appearance in this case. Plaintiffs then moved this Court to enter an award of compensatory and punitive damages against Mendoza for violations of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, *et seq*. However, a damage award was inappropriate at that time because the liability of Remington had yet to be resolved. *See In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1262 (7th Cir. 1980).

On December 7, 2009, the Court dismissed Remington as a defendant in this case, but was unable to determine the amount of damages to award Plaintiffs on their claims against Mendoza. As a result, Plaintiffs were given additional time to supplement their Motion to Prove Damages so the Court could ascertain the appropriate amount of damages "with reasonable certainty" pursuant to *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

Plaintiffs submitted additional evidence on December 23, 2009,

consisting of affidavits from both Plaintiffs. Based on the information before this Court, the following narrative emerges: in July 2006, Plaintiffs traveled to Indiana to perform agricultural work for Mendoza and Remington. During their second week of work, Mendoza massages Siria Rivas' shoulders against her wishes and made sexual advances toward Crystal Rivas, and at one point offered her money for sex. (DE ## 21-1, 2). After Crystal rebuffed Mendoza's advances, Mendoza gave her less work, which resulted in her losing approximately $230.00 in lost wages. (DE # 29-1). Plaintiffs' attorney fees are estimated to total $50.00. (DE # 29). Because Plaintiffs have provided the Court with a sufficient basis to award costs and compensatory damages, Plaintiffs' motions will be granted in part.

However, even though the Civil Rights Act of 1991 created a right to recover punitive damages for certain violations of Title VII, the Court is unable to grant such damages to Plaintiffs. *See* 42 U.S.C. §1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent . . . if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.").

As Justice Alito noted prior to his elevation to the United States Supreme Court, the Civil Rights Act of 1991 contains very

little traditional legislative history. *Watson v. Southeastern Pennsylvania Transp. Authority*, 207 F.3d 207, 219 n.8 (3rd Cir. 2000) (citing David A. Cathcart and Mark Snyderman, *The Civil Rights Act of 1991*, SB36 ALI-ABA 277, 295 (1997)). As a result, court have determined the circumstances under which plaintiffs may collect punitive damages. In 1999, the Supreme Court held that an award of punitive damages under Title VII is appropriate where an employer's conduct was 'egregious' in nature. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999).

Under the law of this circuit an award for punitive damages under the Civil Rights Act of 1991 would require a hearing on damages because the amount awarded is neither "liquid [n]or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Plaintiffs were previously notified that if they wished to collect punitive damages, they could move this court for an evidentiary hearing on the issue of damages pursuant to Fed. R. Civ. Pro. 55(b)(2). They chose not to do so and, therefore, Plaintiffs' motions are denied to the extent that they are seeking punitive damages.

CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Prove Default Damages (DE #21) and Supplemental Motion to Prove Damages (DE #29) are **GRANTED** in part and **DENIED** in part. Defendant Carlos Mendoza is **ORDERED** to pay: (1) compensatory damages to Plaintiff Crystal Rivas in the amount of $230.00, and (2) attorney fees in the amount of $50.00. Because no issues remain, the Clerk is **ORDERED** to close this case.

**DATED: February 4, 2010**

**S/Rudy Lozano, Judge**
**United States District Court**